1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16

| UNITED STATES OF AMERICA,

Plaintiff,

v.

ARTHUR CULLEN LEWIS,

Defendant. | Case No. 16CR2918-H

PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

17    WHEREAS, in the Information in the above-captioned case, the United States
18 sought forfeiture of all right, title and interest in specific properties of Defendant
19 ARTHUR CULLEN LEWIS ("Defendant"), pursuant to Title 18, United States
20 Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c), and Title 26,
21 United States Code, Section 5872, as properties involved in the violation of Title 18,
22 United States Code, Section 922(a)(1)(A), as charged in the Information; and

23    WHEREAS, on or about July 11, 2017, Defendant pled guilty before
24 Magistrate Judge Jill L. Burkhardt to Count 2 of the Information, which plea included
25 consents to the forfeiture allegations of the Information, including forfeiture of the
26 following:

27
28
1.    five Glock Model 17, 9 mm handguns with no serial number;
2.    five Glock Model 19 9 mm handguns with no serial number;
3.    three BCI Defense LLC Model SQS 5.56 caliber rifles with
      no serial numbers;

4. two Bear Creek Arsenal Model BCA15 multi-caliber rifles with no serial numbers;
5. two Radical Firearms LLC Model RF-15 multi-caliber rifles with no serial numbers;
6. one Heckler and Koch Model UMP .45 caliber short barrel rifle;
7. approximately 2,302 rounds of 9 mm ammunition;
8. approximately 514 rounds of 7.62 x 35 mm ammunition;
9. approximately 25 rounds of 5.56 mm ammunition and approximately 3 rounds of 300 Winchester Magnum ammunition;
10. approximately 870 rounds of .22 caliber ammunition,
11. approximately 600 rounds of .45 caliber ammunition and approximately 706 rounds of .223 caliber ammunition;
12. approximately 120 rounds of 7.62 x 39 mm ammunition;
13. approximately 70 rounds of 7.62 x 51 mm ammunition;
14. approximately 25 rounds of .410 caliber ammunition;
15. miscellaneous electronics including laptops, computer tower, cell phones, memory sticks, flash dives, thumb drives, a money counter, and digital scales; and
16. miscellaneous silencers, magazines, scopes, gun cases, tools, gun parts, and a grinder and grinding machine tools; and

WHEREAS, on July 26, 2017 this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the United States has established the requisite nexus between the forfeited properties and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties, pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and 26 U.S.C. § 5872 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which were found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and

interest of Defendant ARTHUR CULLEN LEWIS in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

1. five Glock Model 17, 9 mm handguns with no serial number;
2. five Glock Model 19 9 mm handguns with no serial number;
3. three BCI Defense LLC Model SQS 5.56 caliber rifles with no serial numbers;
4. two Bear Creek Arsenal Model BCA15 multi-caliber rifles with no serial numbers;
5. two Radical Firearms LLC Model RF-15 multi-caliber rifles with no serial numbers;
6. one Heckler and Koch Model UMP .45 caliber short barrel rifle;
7. approximately 2,302 rounds of 9 mm ammunition;
8. approximately 514 rounds of 7.62 x 35 mm ammunition;
9. approximately 25 rounds of 5.56 mm ammunition and approximately 3 rounds of 300 Winchester Magnum ammunition;
10. approximately 870 rounds of .22 caliber ammunition,
11. approximately 600 rounds of .45 caliber ammunition and approximately 706 rounds of .223 caliber ammunition;
12. approximately 120 rounds of 7.62 x 39 mm ammunition;
13. approximately 70 rounds of 7.62 x 51 mm ammunition;
14. approximately 25 rounds of .410 caliber ammunition;
15. miscellaneous electronics including laptops, computer tower, cell phones, memory sticks, flash dives, thumb drives, a money counter, and digital scales; and
16. miscellaneous silencers, magazines, scopes, gun cases, tools, gun parts, and a grinder and grinding machine tools.

2. The aforementioned forfeited assets are to be held by United States Homeland Security Investigations in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

IT IS SO ORDERED.

DATED: November 21, 2017

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE