# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> ARTHUR CULLEN LEWIS, <br> Defendant. | Case No. 16CR2918-H <br><br> ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER TITLE 18 U.S.C. § 3582(c)(1)(A) <br><br> (Doc. No. 61.) |

Pending before the Court is Defendant Arthur Cullen Lewis' ("Defendant") motion for compassionate release under Title 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 61.) The Defendant's seeks to reduce his imprisonment term due to the current COVID-19 pandemic and requests home confinement in lieu a custodial setting at a residential reentry center ("RRC.") (Id.) The Government has filed a response in opposition to the Defendant's motion. (Doc. No. 63.) For the reasons set forth below, the Court denies without prejudice the Defendant's motion.

## Background

On July 11, 2017, the Defendant, with his consent, tendered a guilty plea before the Magistrate Judge for dealing, importing, or manufacturing firearms without a

license in violation of Title 18 U.S.C. § 922(a)(1)(A) as charged in Count 2 of the Information. (Doc. Nos. 40 and 42.) The Defendant executed a written plea agreement (Doc. No. 43) and the Magistrate Judge issued her Findings and Recommendation recommending that this Court accept the Defendant's guilty plea (Doc. No. 41). On July 26, 2017, this Court adopted the Findings and Recommendation of the Magistrate Judge and accepted the Defendant's guilty plea. (Doc. No. 44.) On January 22, 2018, the Court sentenced the Defendant to a custodial term of 48 months followed by 3 years of supervised release. (Doc. Nos. 53 and 54.) On September 11, 2020, the Defendant filed a motion for compassionate release under § 3582(c)(1)(A). (Doc. No. 61.) The Defendant's motion indicates that he was granted early release into a RRC by the Bureau of Prisons ("BOP") and that he is eligible for home confinement placement on December 7, 2020. (Id. At 2.) The Defendant argues that his asthma and potential loss of his job due to unexpected immediate lockdowns at the RRC justifies compassionate release. (Id.) On September 21, 2020, the Government filed its response in opposition to the Defendant's motion. (Doc. No. 63.)

## Discussion

A district court is generally prohibited from modifying a sentence once it has been imposed, unless expressly permitted by law. United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003); United States v. Handa, 122 F.3d 690, 691 (9th Cir. 1997), as amended on reh'g (Aug. 4, 1997), cert. denied, 522 U.S. 1083, 118 S.Ct. 869, 139 L.Ed.2d 766 (1998) ("A district court does not have inherent power to resentence defendants at any time. Its authority to do so must flow either from the court of appeals mandate under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35.") (citations omitted); United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders.") (citations omitted.)

One exception to the district court's prohibition from modifying a sentence is the compassionate release provision of Title 18 U.S.C. § 3582(c)(1)(A). That provision

provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

For a court to have jurisdiction to hear a defendant's motion for compassionate release, a defendant must first meet the exhaustion criteria set forth in § 3582(c)(1)(A). Gallo Cattle Co. v. U.S. Dep't of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998)

---

[1] A prior version of § 3582(c)(1)(A) permitted a court to reduce a defendant's term of imprisonment only upon the motion of the Director of the BOP. The First Step Act of 2018, Pub. L. No. 115-391, § 603, modified § 3582(c)(1)(A) to allow a defendant to make a motion to the Court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See Mohrbacher v. Ponce, No. CV 18-00513-DMG (GJS), 2019 WL 161727 (C.D. Cal. Jan. 10, 2019) (Gee, J.) (Discussing modifications made to § 3582(c)(1)(A) by the First Step Act); see also United States v. Curry, No. CR 6:06-082-DCR, 2019 WL 508067 (E.D. Ky. Feb. 8, 2019) (Reeves, J.) (same).

("[S]tatutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court."); United States v. Reid, 2020 WL 1904598, at *4 (N.D. Cal. April 18, 2020) (Breyer, J.) ("Exhaustion is therefore required by [§ 3582(c)(1)(A)]. The Court cannot forgive the failure to exhaust, and without exhaustion, the Court lacks jurisdiction over the motion."); United States v. Valladares, No. 17CR3715-JAH, 2020 WL 2062252, at *2 (S.D. Cal. Apr. 29, 2020) (Houston, J.) ("This Court also joins other sister courts in the Ninth Circuit and elsewhere in concluding that this Court has no authority to consider Defendant's motion until the exhaustion criteria of § 3[58]2(c)(1)(A) is met."). The burden rests with the Defendant to provide proof that he has met the exhaustion criteria set for the in § 3582(c)(1)(A) and to establish that compelling and extraordinary reasons exists to warrant his release. United States v. Holden, No. 3:13-CR-00444-BR, 2020 WL 1673440, at *3 (D. Or. Apr. 6, 2020) (Brown, J.) ("A defendant seeking a reduction in his terms of imprisonment bears the burden to establish both that he has satisfied the procedural prerequisites for judicial review and that compelling and extraordinary reasons exist to justify compassionate release.").

The Defendant sent his request for compassionate release to the BOP on July 17, 2020. (Doc. No. 61 at 22.) There is no evidence in the record that the BOP responded to the Defendant's request. Accordingly, given that 30 days has elapsed from the date of the Defendant's request, the Court is satisfied that it has jurisdiction to consider the Defendant's motion for compassionate release under § 3582(c)(1)(A).

Under § 3582(c)(1)(A)(i) a court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." In determining what constitutes "extraordinary and compelling reasons," the Court turns to U.S.S.G. § 1B1.13 for guidance. Barber v. Ives, No. 3:17-CV-01975-BR, 2018 WL 1002612, at *3 (D. Or. Feb. 20, 2018) (Brown, J.) ("Congress directed the United States Sentencing Commission to adopt a policy statement to guide a district court's discretion in determining when 'extraordinary and compelling reasons' exist to grant a reduction

in sentence once such a motion is filed.") (citing Title 28 U.S.C. § 994(t)[2]). U.S.S.G. § 1B1.13 cmt. n.1(A) and (B) (Nov. 1, 2018) provides:

> 1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
> (A) Medical Condition of the Defendant.--
>   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>   (ii) The defendant is--
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of the aging process,
>     that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (C) Family Circumstances.--
>   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and

---

[2] Title 28 U.S.C. § 994(t) provides:
The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

        compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).[3]

The Defendant has not provided any medical records indicating that he is suffering from a terminal illness nor has he provided any medical records indicating that he is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health due to his age that would substantially diminish his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover as provided in U.S.S.G. § 1B1.13 cmt. n.1(A). Moreover, the Defendant does not qualify for a reduction of his sentence under U.S.S.G. § 1B1.13 cmt. n.1(B) because he is not at least 65 years of age, has not provided any medical records indicating that he is experiencing a serious deterioration in physical or mental health because of the aging process, and has not served at least 10 years or 75 percent of his term of imprisonment. Furthermore, the Defendant does not claim any family circumstances that would constitute extraordinary and compelling reasons to reduce his incarceration term under

---

[3] The "Other Reasons" policy statement refers only to the discretion delegated to the Director of the BOP in determining what constitutes an "extraordinary and compelling reason." That is because the policy statement was last amended on November 1, 2018 and the First Step Act of 2018, which permits a defendant to file a motion for compassionate release with the district court, was enacted on December 21, 2018. The Court concludes that the policy statement applies when a district court considers a defendant's motion for compassionate release under § 3582(c)(1)(A). See United States v. Brown, No. 4:05-CR-00227-1, 2020 WL 2091802, at *7 (S.D. Iowa Apr. 29, 2020) (Pratt, J.) ("[I]f the First Step Act is to increase the use of compassionate release, the most natural reading of § 3582(c) is that the district court assumes the same discretion as the BOP Director when it considers a compassionate release motion properly before it.").

    The Government urges the Court to conclude otherwise, primarily on the basis that the Court should not interpret the First Step Act to permit a district court to assume the same discretion as the BOP director. However, the Government in previous matters before this Court has taken the position that the Court should apply this "catch-all" provision in ruling on a defendant's motion for compassionate release. See e.g. United States v. Galyen, No. 10CR5041-H, 2020 WL 4747727 (S.D. Cal. Aug. 17, 2020) (Huff, J.); United States v. Perez, No. 18CR4145-H, 2020 WL 4732056 (S.D. Cal. Aug. 14, 2020) (Huff, J.); United States v. Acuna Gonzales, No. 17CR2970-H, 2020 WL 4732057 (S.D. Cal. Aug. 14, 2020) (Huff, J.). Accordingly, in the interest of fairness to all defendants before this Court, the Court declines the Government's invitation to deviate from the Court's prior application of the "catch-all" provision.

U.S.S.G. § 1B1.13 cmt. n.1(C). Accordingly, the Court concludes that under these specific provisions of U.S.S.G. § 1B1.13 cmt. n.1, the Defendant is not eligible for a reduction of his imprisonment term under § 3582(c)(1)(A)(i).

The Defendant argues that the COVID-19 pandemic is an extraordinary and compelling reason to reduce his sentence. Although the impact of the current pandemic on the detention facilities is of course concerning to the Court, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); See also United States v. Eberhart, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) (Hamilton, C.J.). ("[A] reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A)."). Rather, the existence of the COVID-19 pandemic is one among numerous factors the Court is to consider in determining what constitutes extraordinary and compelling reasons.

In this case, the Defendant specifically argues that he is at greater risk of developing severe symptoms of COVID-19 because he suffers from asthma. However, there is no evidence in the record to suggest that the Defendant is not receiving medical treatment for his asthma and there is no evidence in the record to suggest that the BOP is ill-equipped to handle the Defendant's medical condition during the current pandemic. See United States v. Weidenhamer, No. CR1601072001PHXROS, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019) (Silver, J.) ("Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release."). Moreover, as the Government outlined in its response, the BOP is taking active precautions to limit the potential spread of the virus within its facilities. (Doc. No. 63 at 6-9.) Given the record before the Court, the Defendant has not shown that his current asthma diagnosis rises to the level of being an extraordinary and compelling reason to grant his motion.

See United States v. Hernandez, No. 1:10-CR-249 AWI, 2020 WL 5658249, at *3 (E.D. Cal. Sept. 23, 2020) (Ishii, J.) ("Defendant's asthma alone does not support Defendant's motion [for compassionate release]."). Accordingly, the Court cannot find extraordinary and compelling reasons under U.S.S.G. § 1B1.13 cmt. n.1(D) to justify reducing the Defendant's incarceration term and concludes that the Defendant is not eligible for a reduction of his imprisonment term under § 3582(c)(1)(A)(i).

The Defendant's primary motivation for requesting compassionate release is the threat of losing his current employment if the RRC goes into lockdown again due to COVID-19 outbreaks. The Government acknowledges the Defendant's motivation for requesting compassionate release in its response but does not specifically address this argument. The Court is required under § 3582(c)(1)(A) to consider the § 3553(a) factors in deciding whether to grant the Defendant's motion.[4] Furthermore, U.S.S.G. § 1B1.13(2) mandates that in order for the Court to grant a motion for compassionate release, the Court must determine that "the defendant is not a danger to the safety of any other person or to the community[.]" The Defendant is currently housed at a RRC and is working to financially support his six year old son. There is no evidence in the record to indicate that the Defendant has had any disciplinary actions while in custody. Moreover, the Defendant had no issues on pretrial release while awaiting his sentencing hearing and complied with the Court's order to self-surrender to the BOP after sentencing. Additionally, the Defendant has provided a release plan upon his release from the RRC. Accordingly, there is no basis for the Court to conclude that the

---

[4] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims. 18 U.S.C. § 3553(a).

Defendant is a danger to the safety of the community. Nevertheless, the Court agrees with the Government that the offense committed by the Defendant is a serious crime and that the sentence imposed must reflect the seriousness of the offense. After balancing the relevant § 3553(a) and given the projected home confinement date given by the BOP, the Court concludes that compassionate release at this time is not warranted. However, the Defendant is permitted to refile his motion prior to his projected home confinement date should circumstances change at the RRC that would prevent him from working at his current job.

## Conclusion

After considering the Defendant's motion and applying the relevant law and legal standards, including consideration of the § 3553(a) factors in this matter, and based on the current record, the Court DENIES WITHOUT PREJUDICE the Defendant's motion for compassionate release under Title 18 U.S.C. § 3582(c)(1)(A).[5] (Doc. No. 61.)

IT IS SO ORDERED.

DATED: September 28, 2020

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

---

[5] The Court is cognizant that Title 34 U.S.C. § 60541 only authorizes the Attorney General, not the courts, to modify the method of imprisonment from a BOP facility to home confinement. See Curry, 2019 WL 508067, at *2 (Although "the First Step Act expressly permits the Attorney General to release some or all eligible elderly offenders and eligible terminally-ill offenders from the BOP facilities to home detention" under Title 34 U.S.C. 60541, Title 18 U.S.C. § 3582(c)(1)(B) only "permits courts to modify an imposed term of imprisonment, not the method of incarceration."). Nevertheless, the Court construes the Defendant's motion as a request for a time served sentence with the imposition of home confinement as a condition of supervised release for a period equivalent to the remaining unserved custodial term.